WILLIAM SCHLEIFER, Appellant, *v.* HENRY GEORGE & ROSENBAUM Co., Respondent.

(Supreme Court, Appellate Term, First Department, February, 1918.)

Contracts — failure to execute — deposit — tender — damages — set-off — actions.

> Plaintiff having agreed to enter the employment of defendant made a deposit as a guaranty that he would sign a contract for one year from a certain date at a stated weekly salary. The contract was never signed, or even drawn for signature. Plaintiff received from his employer the amount of said deposit presumably to reimburse him for the loss sustained by relinquishing his deposit. After three years plaintiff made a demand upon defendant for a return of the deposit, which being refused this action was brought to recover. *Held,* that, assuming that the conduct of plaintiff operated as a waiver of a formal tender by defendant of a contract for his signature, his right to demand a return of the deposit, considering the same as security to reimburse defendant for plaintiff's failure to make the proposed contract, accrued on the last day of the proposed year of employment, subject to the right of defendant to set off any damage sustained by plaintiff's failure to execute the contract.

APPEAL by plaintiff from judgment of the Municipal Court of the city of New York, borough of The Bronx, second district, in favor of the defendant, after trial by the court without a jury.

Paul M. Abrahams, for appellant.

Clarence Y. Palitz (Louis Cohen, of counsel), for respondent.

MULLAN, J. The plaintiff, a garment pattern maker, while in the employ of one Flasheimer, came to an agreement with the defendant to enter its employ, deposited with it $300, and received from it the following writing:

"*Nov.* 25, 1913.

"Received of Mr. Wm. Schleifer the sum of Three Hundred Dollars as a guarantee, that said Wm. Schleifer will sign contract for one year from Dec. 15, 1913, as pattern maker at a weekly salary of Sixty Dollars.

"HENRY GEORGE & ROSENBAUM Co."

The plaintiff had previously been in the defendant's employ, and had, according to an officer of the defendant, left it at a time when it was difficult to get a man in his stead, and the defendant desired to make it certain that the plaintiff would live up to his agreement to leave Flasheimer and come to it, and took this means of assurance that he would do so. The contract was never signed, or even drawn for signature, the plaintiff making no effort to procure its preparation and execution, and the defendant making, upon its own showing, such a half-hearted attempt to induce plaintiff to proceed in the matter as to amount to an almost immediate recognition and acceptance of the fact that the plaintiff had decided to hazard the loss of his $300 and stay with Flasheimer. The plaintiff did remain in Flasheimer's employ, and received $300 from Flasheimer, presumably to reimburse him for the loss he sustained by relinquishing his deposit with defendant, although the plaintiff explains the transaction as a loan from Flasheimer. And so the situation stood, until, after a lapse of three years, the plaintiff made a demand upon the defendant for a return of the deposit, which, being refused, the plaintiff brought this action for its recovery; and the defendant counterclaimed for damages it claimed to have suffered by reason of the plaintiff's failure to execute the employment contract. The learned trial justice gave judgment for the defendant, awarding it nothing on its counterclaim. As to the latter, it is sufficient to say that there was no evidence offered in support of it

Appellate Term, First Department, February, 1918.   [Vol. 102.

that showed any damage attributable to the plaintiff's breach.

Even if we make every possible assumption in the defendant's favor, we think the plaintiff should have had judgment. Assuming, then, that the conduct of the plaintiff worked a waiver of a formal tender by the defendant of a contract for his signature, how is the deposit to be characterized? If it be regarded as a penalty, the defendant was not entitled to retain it, on well-known principles. If it were intended as security, not for faithful performance of the contract *to be executed,* as quite plainly that was not the purpose, but to reimburse defendant for the plaintiff's failure to make the proposed contract, the utmost limit of time during which the defendant could hold it would be until the end of the proposed employment year, the defendant not being able to know until then the extent of its loss occasioned by the plaintiff's breach. Considering the deposit as security, the plaintiff's right to demand its return accrued on December 15, 1914, subject to the right of the defendant to set off against the deposit such damage, if any, that it may have sustained owing to the plaintiff's failure to execute. It attempted to prove such damages, and failed. Adopting the construction more favorable to the defendant, the plaintiff was entitled to judgment for the $300 on the last day of the proposed year of employment, December 15, 1914.

Judgment reversed, with $30 costs, and judgment ordered for plaintiff for $300, with interest from December 15, 1914, and appropriate costs in the court below.

GUY and WEEKS, JJ., concur.

Judgment reversed, with costs, and judgment ordered for plaintiff, with interest and costs.